UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANCIS JESICA MERCADO,

                                                 Plaintiff,                    Case # 18-CV-1260-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                               Defendant.

**INTRODUCTION**

Plaintiff Francis Jesica Mercado brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 10. For the reasons that follow, the Commissioner's motion is DENIED, Mercado's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

**BACKGROUND**

In March 2015, Mercado applied for SSI with the Social Security Administration (the "SSA"). Tr.[1] 98. She alleged disability since March 2014 due to fibromyalgia, diabetes, chronic back pain, knee pain, high blood pressure, migraines, and depression. Tr. 98-99. In May 2017, Mercado and a vocational expert ("VE") appeared at a hearing before Administrative Law Judge Mary Mattimore ("the ALJ"). Tr. 26. On September 28, 2017, the ALJ issued a decision finding

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

1

that Mercado is not disabled. Tr. 13-21. On September 25, 2018, the Appeals Council denied Mercado's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

## I. The ALJ's Decision

The ALJ analyzed Mercado's claim for benefits under the process described above. At step one, the ALJ found that Mercado had not engaged in any substantial gainful activity since the application date. Tr. 15. At step two, the ALJ found that Mercado has severe impairments of diabetes mellitus and several lower-back problems. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 17.

Next, the ALJ determined that Mercado retains the RFC to perform less than a full range of sedentary work. *Id.* At step four, the ALJ found that Mercado has no past relevant work. Tr. 20. At step five, the ALJ relied on the VE's testimony and found that Mercado can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 20-21. Accordingly, the ALJ concluded that Mercado is not disabled. Tr. 21.

## II. Analysis

Mercado argues that the ALJ mischaracterized or ignored evidence when crafting the RFC. The Court agrees.

The ALJ concluded that Mercado could perform sedentary work with additional limitations. Among other things, the ALJ included a limitation that Mercado could only work in settings where she had the option of changing positions between sitting and standing every thirty minutes. Tr. 18-19. This is known as a "sit/stand option." *See Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at *3 (W.D.N.Y. Mar. 6, 2018). The ALJ appears to have derived this limitation from Mercado's hearing testimony. Mercado stated that to relieve the back pain that

results from sitting, she needs to stand up every twenty to thirty minutes. Tr. 55-56. The ALJ appears to have found this testimony credible and included that limitation in the RFC.

The problem is that the ALJ omitted mention of an important aspect of Mercado's testimony: she not only needs to stand up every half-hour to relieve her back pain, but also must "pace back and forth" before sitting back down. Tr. 56; *see also* Tr. 42. This is a more onerous work limitation than that adopted by the ALJ, insofar as it would require Mercado to be off task while she paced. Based on the VE's testimony, that "pacing" limitation would preclude employment. Tr. 71-72.

The ALJ's failure to mention or discuss this aspect of Mercado's testimony is an error requiring remand. It is well-settled that while an ALJ need not mention every item of testimony presented or reconcile explicitly every conflicting shred of medical testimony, the ALJ may not ignore or mischaracterize evidence of a person's alleged disability." *Seignious v. Colvin*, No. 15-CV-6065, 2016 WL 96219, at *4 (W.D.N.Y. Jan. 8, 2016) (internal quotation marks, brackets, and citation omitted). In the decision, the ALJ writes, "[Mercado] testified that she is unable to . . . sit longer than 20 to 30 minutes at one time." Tr. 18. This mischaracterizes or ignores Mercado's testimony that she needs to stand *and* pace to relieve the pain that develops when she sits.

As a general matter, an ALJ is free to adopt only portions of a claimant's testimony. *See, e.g.*, *Rebull v. Massanari*, 240 F. Supp. 2d 265, 273-74 (S.D.N.Y. 2002). But an ALJ must provide some rationale for doing so; otherwise, the decision reads more like an "improper cherry-picking of selective portions of the testimony" than a genuine resolution of conflicting evidence. *Stellmaszyk v. Berryhill*, No. 16-CV-9609, 2018 WL 4997515, at *25 (S.D.N.Y. Sept. 28, 2018). In this case, the Court can discern no rationale for the ALJ's omission of Mercado's need to pace. Rather, it appears that the ALJ either mischaracterized or ignored that evidence in crafting the

RFC. Remand is therefore necessary. *See Dahn v. Comm'r of Soc. Sec.*, No. 18-CV-327, 2019 WL 4072661, at *3 (W.D.N.Y. Aug. 29, 2019) (collecting cases for the proposition that an RFC assessment based on mischaracterizations is "legally flawed and unsupported by substantial evidence").

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED and Mercado's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 19, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court